BROWN *v.* HEADLEE, MAYOR.

5-556                                                 272 S. W. 2d 56

Opinion delivered November 1, 1954.

*Coffelt & Gregory,* for appellant.

*J. E. Lightle, Jr.,* and *Townsend & Townsend,* for appellee.

J. SEABORN HOLT, J. The facts in this case appear to be undisputed. It was stipulated: "a. That the Council of the City of Searcy, Arkansas, in the creation of Street Improvement District No. 20, and in determining whether two-thirds by assessed value of the property within the district had been signed for, had to take into consideration the assessed value of the property of the Searcy Public School District and of the Churches within said district.

"b. That the assessed value of such school and church property was not shown on the 1953 assessment rolls as originally prepared and filed by the Assessor of White County, Arkansas.

"c. That said tax exempt property was, however, thereafter assessed by said assessor and a list thereof filed in the office of the County Clerk of White County on the 28th day of March, 1954, and as the same appears from a copy of said list attached hereto and made a part hereof.

"d. That the petitions for the formation of said Improvement District No. 20 were filed on the 6th day of April, 1954, and that a hearing was held by the Council of the City of Searcy, pursuant to notice on the 27th day of April, 1954, and at which time Ordinance No. 355 creating said Improvement District was passed by said Council."

Improvement District No. 20 is a rather large one, designed to improve some sixteen miles of city streets. The assessed value of the property within the District was approximately $1,211,690, which included tax exempt property (schools and churches) amounting to $393,000.

Appellants contended that the City of Searcy (appellees) had no right to take into account and consider the assessed value of tax exempt property within the District in determining whether two-thirds in value of the property owners had signed petitions for forming the District. The trial court upheld appellees' contention that

they had such right and entered a decree accordingly. This appeal followed.

Appellees have cross-appealed but our conclusions make it unnecessary to consider this cross-appeal.

Whether the assessed value of the tax exempt property should have been taken into account and considered by the City in forming this District depends upon the construction to be given § 84-460, Ark. Stats., 1947 (enacted in 1915), which provides: "Whenever the assessor of any county has heretofore or shall hereafter during any year at the time of making the assessment of real property subject to taxation, fail to enter in a separate list pertinent descriptions of all burying grounds, public school houses, houses used exclusively for public worship, institutions of purely public charity, public buildings and property used exclusively for any public purposes, libraries and grounds used exclusively for school purposes and property which by the Constitution is exempted from taxation, the lots or tracts of land on which said institution or public building is situated, and which by law are exempted from taxation, and the value thereof, the said Assessor of said county, or his successor in office, is hereby authorized and empowered at any time, and during any year thereafter, upon discovery of said omission to make out such separate lists, giving their description and the value of all the above described property which has been omitted from said list; and the said list of said property, together with the valuation thereof, shall be filed with the County Clerk of said county, and by him duly entered upon the proper assessment book of said county; and when such list of said omitted property has been filed by the said Assessor or his successor in office with the County Clerk in the said county where said property is situated, the same shall have the same force and validity as if entered, made and filed at the proper time as prescribed by law. (Acts 1915, No. 197, § 1, p. 796; C. & M. Dig., § 9936; Pope's Dig., § 13701.)"

As indicated, it is undisputed that when the City Council of Searcy passed upon and approved the forma-

tion of District No. 20 and enacted the Ordinance creating said District on April 27, 1954, it had before it the last assessment of real property in the District on file in the County Clerk's office, which was the original 1953 assessment, together with a list of tax exempt property filed by the Assessor in the County Clerk's office March 28, 1954.

We hold under the above section that the failure of the Assessor to file a separate list of nontaxable property within the District, together with its value, in the County Clerk's office at the time he filed the 1953 assessed value of real property within the District did not invalidate the District for the reason that the Assessor was under § 84-460, above, *"empowered at any time, and during any year thereafter,* upon discovery of said omission to make out such separate lists, giving their description and the value of all the above described property which has been omitted from said list; and the said list of said property, together with the valuation thereof, shall be filed with the County Clerk of said county, and by him duly entered upon the proper assessment book of said county; and when such list of said omitted property has been filed by the said Assessor or his successor in office with the County Clerk in the said county where said property is situated, the same shall have the same force and validity as if entered, made and filed at the proper time as prescribed by law."

This was, in effect, what appellees did here, and in accordance with the construction of § 84-460 (then § 9936, C. & M. Digest) by this Court in *Dunbar v. Street Improvement District No. 1 of Dardanelle,* 172 Ark. 656, 290 S. W. 372, where we said: "But we are convinced that the preponderance of the testimony shows that the valuation of such property was extended by the assessor on the assessment roll filed by him with the county clerk before the council determined the question of whether the petition for the improvement was signed by a majority in value of the owners of real property; and this was sufficient to meet the requirements of the law with reference

to filing a list showing the nontaxable property in the district and its value.

"Since the list of nontaxable property and its value was in fact extended on the regular assessment roll, the fact that the assessor did not file a separate list of said property was wholly immaterial and is a mere irregularity which would not avoid the assessment roll as a guide to the council in determining the question of whether or not the petition for the improvement was signed by a majority of the owners of real property in the district. To hold otherwise would be magnifying form above substance. According to three witnesses (the assessor and his assistant, and Robinson) the council, at the time it determined that the petition for the improvement was signed by a majority in value of the real property owners in the district, had before it the assessment roll that had been filed with the county clerk, containing a list of names of owners of all taxable property, and likewise the list of all nontaxable property in the district and its value." See also, *Fry* v. *Poe*, 175 Ark. 375, 1 S. W. 2d 29, and *Street Improvement District No. 1 of City of Booneville* v. *Cooper*, 215 Ark. 760, 223 S. W. 2d 607.

Accordingly, the decree is affirmed.